UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

GERMAINE GARCIA,

                            Plaintiff,

                        v.

KENNETH THOMPSON, ERIC T.
SCHNEIDERMAN, CHARLES J. HYNES,
NICOLE TARTAK, VIVIAN CEDENO, RICHA
BHASIN, ROBERT KAFTAL, BEULLE ROSS,
PAMELA ROSENSTOCK, DAVID SEAMAN,
MICHAEL BOUNDY, ALFRED DORMAN,
DANNY CHUN, MATHEW D'EMIC, BRUCE
BALTER, MYRIAN SYRULNIK, LAURENCE
ROTHSTEIN, and SUZANNE MONDO,

                            Defendants.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
14-CV-2212 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       On April 3, 2014, Plaintiff Germaine Garcia, currently incarcerated at Riker Island Correctional facility and proceeding *pro se*, commenced the above-captioned action pursuant to 42 U.S.C. § 1983 against District Attorney Kenneth Thompson, Eric T. Schneiderman, Nicole Tartak, Vivian Cedeno, Richa Bhassun and several other Defendants who are associated with Plaintiff's state criminal proceeding.[1] (Compl., Docket Entry No. 1.) By Memorandum and Order dated July 24, 2014 ("July 24 Order"), the Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismissed (1) the claims asserted against City

---

[1] On April 3, 2014, Plaintiff also commenced another action before this Court, *Garcia v. City of New York*, Docket No. 14-CV-2213. The Court consolidated the Complaints filed in the above-captioned action and in Docket No. 14-CV-2213 for the purposes of its July 24, 2014 Memorandum and Order, and dismissed the Complaint filed in Docket No. 14-CV-2213, as barred by of *res judicata*. (Docket Entry No. 16.)

of New York and Seaman as barred by the doctrine of *res judicata*, (2) the claims asserted against Hynes, Thompson, Tartak, Bhasin, and Cedena as barred by absolute immunity, and (3) the claims against the remaining Defendants[2] for failure to state a claim on which relief can be granted.[3]  (Docket Entry No. 16.)  As the Court noted in the July 24 Order, Plaintiff failed to allege any information about the remaining Defendants or their purported conduct to state a claim under Section 1983, including whether these Defendants were acting under the color of state law, the nature of their wrongful conduct and how the alleged conduct deprived Plaintiff of his federal rights.  In light of Plaintiff's *pro se* status, the Court granted Plaintiff leave to supplement his Complaint with a submission not to exceed five pages detailing his allegations against the remaining Defendants.  On August 20, 2014, Plaintiff appealed the Court's "dismiss[al]" of his action to the Second Circuit, and filed a document titled "Civil Rights Complaint," before this Court.  (Notice of Appeal, Docket Entry No. 20; Civil Rights Compl., Docket Entry No. 21.)  On August 25, 2014, Plaintiff filed a document titled "Response to Judgment on July 24, 2014" ("Response").  (Docket Entry No. 22.)  On August 28, 2014, Plaintiff filed another document tiled "In Response to Memorandum & Order from Magistrate Margo K. Brodie Judgment Date 07/24/14" ("Supplemental Response").  (Docket Entry No. 23.)

---

[2]  The remaining Defendants as alleged in the Complaint are Eric T. Schneiderman, Robert Kaftal, Beulle Ross, Pamela Rosenstock, Michael Boundy, Alfred Dorfman, Danny Chun, Suzanne Mondo, Mathew D'Emic, Bruce Balter, Myrian Syrulnik, and Laurence Rothstein.  (Compl. 4–6.)

[3]  The above-captioned action represents Plaintiff's fifth lawsuit filed in this Court regarding his state court criminal case.  *See Garcia v. City of New York*, No. 14-CV-2213 (E.D.N.Y. Apr. 3, 2014) (dismissed as barred by *res judicata*); *Garcia v. City of New York*, No. 12-CV-4655 (E.D.N.Y. Jan. 14, 2014) (dismissed for failure to state a claim upon which relief may be granted); *Garcia v. City of New York*, 12-CV-5428 (E.D.N.Y. Nov. 16, 2012) (dismissed as duplicative); *Garcia v. City of New York*, No. 13-CV-363 (E.D.N.Y. Jan 25, 2013) (dismissed).

Plaintiff's appeal was dismissed, and mandate issued from the Second Circuit on March 10, 2015. (Docket Entry No. 27.) For the reasons discussed below, this action is dismissed.

## I. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint or any portion of the complaint," if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d. Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines that it is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

## II. Discussion

The Court reads the Complaint, the document filed by Plaintiff and titled "Civil Rights Complaint," and the two "Response[s]" to the Court's July 24 Order as alleging misconduct in

connection with Plaintiff's state criminal proceeding. Plaintiff appears to allege that the waiver of indictment in his criminal case was "illegal" because he did not sign the waiver in open court. (Compl. 51–52.) In his Response and Supplemental Response, Plaintiff appears to allege that Eric Schneiderman, as Attorney General for the State of New York, is responsible for Plaintiff's "illicit criminal prosecution," as is Kaftal, the Assistant District Attorney who prosecuted the case, Ross, the grand jury foreman, Rosenstock, the stenographer for the grand jury, Boundy, "the senior clerk at the Kings County criminal court," Dorfman, Plaintiff's attorney, Chun, the "arraignment judge," Mondo, the "Justice [who] was present at the grand jury hearing," D'Emic, "the Justice that . . . denied [Plaintiff's] motion to dismiss" the indictment, Balter, the judge who presided over the trial, Syrulnik, the judge who "render[ed] the only valid order of protection," and Rothstein, an attorney that "handed Plaintiff the documents that said Plaintiff was indicted." (Response 4–6; Supplemental Response 4–6.) These allegations fail to correct the deficiencies in the Complaint.

As stated in the July 24 Order, Plaintiff cannot sustain a claim against Eric Schneiderman for actions taken within the scope of his prosecutorial duties, as such actions are entitled to absolute immunity. (July 24 Order 5–6); *see also Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." (citations and internal quotation marks omitted)); *Santulli v. Russello*, 519 F. App'x 706, 711 (2d Cir 2013) ("It is is well settled that a prosecutor is entitled to absolute immunity for acts undertaken pursuant to her traditional function as an advocate in the prosecutorial process." (citing *Shmueli v. City of New York*, 424 F.3d 231, 236–38 (2d Cir. 2005)). For the same reasons, Plaintiff cannot sustain a claim against Kaftal, the Assistant District Attorney. In addition, Plaintiff has failed to state a cause of action

under Section 1983. Section 1983 "is not itself a source of substantive rights . . . . [i]t merely provides a method for vindicating federal rights elsewhere conferred." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 224 (2d Cir. 2004) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, to sustain a claim under Section 1983, a plaintiff must identify conduct that has deprived him of "rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)  Because Plaintiff has failed to allege any information as to what conduct by these Defendants deprived Plaintiff of his federal rights and how, or any facts from which the Court could infer that Plaintiff was injured by actions caused by these Defendants, Plaintiff has failed to state a cause of action under Section 1983. Plaintiff's Complaint is dismissed. The Clerk of the Court is directed to close the case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 26, 2015
      Brooklyn, New York